Filed 7/31/26  P. v. Kaye CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE,<br>        Plaintiff and Respondent,<br><br>        v.<br><br>DYLAN KAYE,<br>        Defendant and Appellant. | C103625<br><br>(Super. Ct. No. 24FE012332) |

Following a hearing on defendant Dylan Jacob Kaye's application for pretrial mental health diversion, the trial court denied the application, finding that although defendant was eligible for diversion, he was not suitable because he posed an unreasonable risk of danger to public safety if treated in the community.  Defendant subsequently pleaded no contest to inflicting corporal injury on a dating partner. The trial court placed him on formal probation for four years with 90 days in jail deemed served, and ordered him to participate in a batterer's treatment program.

On appeal, defendant contends the trial court abused its discretion in denying diversion.  The People agree that the finding of an unreasonable risk of danger to public safety is not supported by substantial evidence.

We agree there is insufficient evidence of an unreasonable risk that defendant will commit a super strike offense if treated in the community.  We will reverse the judgment

and remand the matter for a new hearing on defendant's present suitability for mental health diversion.

APPLICABLE LAW AND STANDARD OF REVIEW

Penal Code section 1001.36[1] gives a trial court discretion to grant pretrial diversion for individuals with certain mental health disorders. (*People v. Frahs* (2020) 9 Cal.5th 618, 626; *People v. Whitmill* (2022) 86 Cal.App.5th 1138, 1147-1148.) The trial court can postpone prosecution at any time in the judicial process, either temporarily or permanently, to allow the defendant to undergo treatment. (*Frahs*, at p. 626; *Vaughn v. Superior Court* (2024) 105 Cal.App.5th 124, 133 (*Vaughn*).) "The Legislature intended the mental health diversion program to apply as broadly as possible." (*Whitmill*, at p. 1149.)

A defendant must be both eligible and suitable for mental health diversion. A defendant is eligible under section 1001.36, subdivision (b) if (1) the defendant has been diagnosed by a qualified mental health expert with a mental disorder as identified in the most recent edition of the DSM; and (2) the defendant's mental disorder was a significant factor in the commission of the charged offense. (See *Vaughn, supra*, 105 Cal.App.5th at p. 133; *Sarmiento v. Superior Court* (2024) 98 Cal.App.5th 882, 891 (*Sarmiento*).)

As for suitability, four circumstances must be satisfied: (1) in the opinion of a qualified mental health expert the defendant's mental disorder would respond to treatment; (2) the defendant consents to diversion and agrees to waive his or her speedy trial rights; (3) the defendant agrees to comply with treatment requirements; and (4) if treated in the community, the defendant will not pose an unreasonable risk of danger

---

[1] Undesignated statutory references are to the Penal Code.

to public safety as defined in section 1170.18. (§ 1001.36, subd. (c)(1)-(4); *Sarmiento, supra*, 98 Cal.App.5th at pp. 891-892.)

A defendant poses an unreasonable risk of danger to public safety under section 1170.18, subdivision (c), if there is an unreasonable risk that the defendant will commit a new violent felony within the meaning of section 667, subdivision (e)(2)(C)(iv), otherwise known as a super strike. The enumerated super strike offenses include murder, attempted murder, solicitation to commit murder, assault with a machine gun on a police officer, possession of a weapon of mass destruction, a serious or violent felony punishable by death or life imprisonment, a sexually violent offense, or a sexual offense committed against a minor under the age of 14. (*Gomez v. Superior Court* (2025) 113 Cal.App.5th 671, 679.)

We review a trial court's decision to grant or deny a motion for mental health diversion for abuse of discretion. (*Vaughn, supra*, 105 Cal.App.5th at p. 135.) A trial court abuses its discretion when it makes an arbitrary decision by applying the wrong legal standard or bases its decision on express or implied factual findings that are not supported by substantial evidence. (*Vaughn*, at p. 135.)

BACKGROUND

In July 2024, D.L. reported to law enforcement that defendant, her boyfriend of three months, physically attacked her. She said defendant threw her on a couch and choked her. While being choked, D.L. thought she was going to die. She got away and ran to her car, but defendant ran after her and began to choke her again. Defendant said, "You're mine. You're supposed to love me. I will kill you. I will kill myself." A neighbor stopped the assault and D.L. drove away.

The People charged defendant with inflicting corporal injury on a dating partner, resulting in a traumatic condition (§ 273.5, subd. (a)) and making criminal threats (§ 422). Defendant entered a plea of not guilty and subsequently filed an application for mental health diversion pursuant to section 1001.36. In support of his application,

3

defendant stated that he had been diagnosed with "alcohol-induced anxiety disorder with moderate use disorder," and was participating in outpatient treatment.

Defendant included his treatment plan with his mental health diversion application. His therapist reported that defendant was "doing very well in an Intensive Outpatient program." Defendant was showing significant signs of recovery, remaining sober, taking responsibility, and engaging in education. The therapist opined that defendant could continue to be treated in the community.

In further support of his application, defendant asserted that his criminal history was minimal and nonviolent. He had two nonviolent felony convictions (a second degree burglary (§ 459) conviction in 2020 and a conviction for receiving stolen property (§ 496) in 2021), and four misdemeanor convictions.

The People countered that defendant was not suitable for mental health diversion. They argued defendant's criminal history, along with the facts of the current offenses, provided clear and convincing evidence that he posed an unreasonable risk of danger to public safety if treated in the community.

At the hearing on defendant's application, the trial court received a progress report from Human Touch Behavioral Health, which included treatment updates for defendant and a prospective treatment plan. It was reported that defendant had been in a treatment program since August 2024 and was addressing both his substance use disorder and his mental health. Defendant had not reoffended, he was maintaining a job and housing, and he was compliant with medication.

Defense counsel argued that although defendant had been heavily intoxicated at the time of the current offenses, his conduct was not part of a pattern of behavior and he was receiving treatment specifically tailored to address his alcohol use disorder, reduce his aggression, and increase his tolerance for difficult emotions. The treatment plan was designed to stabilize his anxiety, increase his ability to function, and reduce

4

the risk to public safety. According to defense counsel, the treatment plan would continue if diversion was granted.

The People acknowledged that defendant's criminal history was not violent. But in his current offenses he strangled the victim multiple times.

The trial court found defendant eligible for mental health diversion, but it then found him not suitable for diversion because he posed an unreasonable risk of danger to public safety if treated in the community. The trial court acknowledged that defendant did not have a prior history of violence and that he may have been under the influence of alcohol at the time of the offenses, but it found him likely to commit a super strike given his repeated attempts to choke the victim while saying he would either kill her or himself. The trial court denied defendant's application for diversion.

Defendant subsequently pleaded no contest to inflicting corporal injury on a dating partner. (§ 273.5, subd. (a).) Consistent with the plea agreement, the trial court placed him on formal probation for four years with 90 days in jail deemed served, and ordered him to participate in a batterer's treatment program. The remaining charges were dismissed. Defendant obtained a certificate of probable cause.

## DISCUSSION

Defendant contends the trial court abused its discretion in denying diversion. Specifically, he argues there is no substantial evidence he would commit a super strike if treated in the community. The People agree there is insufficient evidence to support the trial court's finding of an unreasonable risk of danger to public safety.

There is no evidence defendant had been previously charged with a super strike offense, and his current offense is not a super strike. Defendant's criminal history consists of two nonviolent felonies and four misdemeanor offenses. At the time of the hearing on his application, defendant was doing well in an outpatient program. He had successfully engaged in a treatment program for six months, he was maintaining housing and a job, he had not reoffended, and his treatment provider recommended defendant

5

continue treatment in the community.  On this record, there is insufficient evidence to support a finding of an unreasonable risk that defendant will commit a super strike offense if treated in the community.

## DISPOSITION

The judgment is reversed and the matter remanded.  On remand, the trial court is directed to conduct a new hearing on defendant's present suitability for diversion based solely on evidence of circumstances that have changed since defendant's hearing on February 21, 2025.  Should there be no evidence of changed circumstances rendering defendant unsuitable for diversion as defined by section 1001.36, subdivision (c), the trial court is directed to grant defendant's motion for diversion.


/S/
MAURO, J.


We concur:




/S/
HULL, Acting P. J.




/S/
FEINBERG, J.

6